**HAWAIIAN PINEAPPLE CO., Ltd., v. MARZALL, Commissioner of Patents.**

**No. 1099–47.**

United States District Court District of Columbia.

March 22, 1950.

Moore, Olson & Trexler, of Chicago, Ill., Charles L. Sturtevant, of Washington, D. C., for plaintiff.

E. L. Reynolds, of Washington, D. C., for defendant.

MATTHEWS, District Judge.

### Findings of Fact

1. This is an action under Section 4915, R.S., U.S.C.A. Tit. 35, C. 2, § 63, in which plaintiff seeks a judgment authorizing the defendant, the Commissioner of Patents, to register to plaintiff the two trade marks sought to be registered in applications Serial Nos. 436,956 and 436,957, filed December 15, 1940, for canned fruit juices for food purposes.

2. Plaintiff is the owner, by assignment, of two trade marks for canned fruit juices for food purposes, one of said trade marks consisting of a picture of animated apricots toasting each other by holding

aloft liquid-containing goblets touching each other, and the other consisting of a picture of animated prunes, similarly toasting each other, all as shown in Schedules "A" and "B" annexed to the complaint.

3. Each of said trade marks is the sole and exclusive property of the plaintiff, having been first used by the Barron-Gray Packing Company in commerce among the several states of the United States on or about September 25, 1940, and continuously used and applied to such goods in the business of the Barron-Gray Packing Company since that date and have never been abandoned but have been assigned to the plaintiff, Hawaiian Pineapple Company, Limited.

4. The trade mark applications Serial Nos. 436,956 and 436,957, aforesaid, were duly examined by the Examiner of Trade Marks and held registrable by the Patent Office and were published in the Official Gazette of December 24, 1940, Volume 521, No. 4, page 827.

5. Thereafter, Notices of Opposition to the registrations of said trade marks were filed by Bruce's Juices, Inc. claiming that confusion was likely between a mark shown in Registration 374,765 issued to said Bruce's Juices, Inc. on January 23, 1940, and plaintiff's said two trade marks.

6. Plaintiff duly filed its answers to said Notices of Opposition and thereafter such proceedings were had in the Patent Office that on December 20, 1946 the First Assistant Commissioner of Patents rendered a single decision, entitled in both said oppositions, affirming a prior decision of the Acting Examiner of Trade Mark Interferences, and holding that some likelihood of confusion might exist in the concurrent use of plaintiff's said two trade marks and the mark shown in Registration No. 374,765 aforesaid.

7. Pursuant to such decision of the Acting Examiner of Trade Mark Interferences and the First Assistant Commissioner of Patents, the defendant has refused, and continues to refuse, to register plaintiff's said two trade marks.

8. No appeal has been taken in respect to plaintiff's said two trade mark applications aforesaid, to the United States Court of Customs and Patent Appeals.

9. Within six months of the decision of the First Assistant Commissioner of Patents, plaintiff, as provided by statute, instituted this action against the Commissioner of Patents without joining the opposer, Bruce's Juices, Inc., which action against the Commissioner of Patents alone was held to be proper in interlocutory proceedings arising from a motion to dismiss filed by the Commissioner of Patents.

10. The use of animated figures of fruits, vegetables and other inanimate objects in advertising, on labels, and as trade marks, is general and widespread, as shown by prior trade mark registrations granted by the Commissioner of Patents, and by advertisements and labels presented to the court at trial, and the features of similarity between plaintiff's said two trade marks and the mark of registration No. 374,765 are minor in character and in common use.

11. Neither of the two trade marks sought to be registered by plaintiff for use on canned fruit juices for food purposes is identical with the trade mark shown in Registration No. 374,765, claimed to be owned and used by Bruce's Juices, Inc.

12. Neither of the two trade marks sought to be registered by the plaintiff for use on canned fruit juices for food purposes so nearly resembles the trade mark shown in Registration No. 374,765, claimed to be owned and used by Bruce's Juices, Inc., as to be likely to cause confusion or mistake in the mind of the public, or to deceive purchasers.

13. There is no confusing similarity between either of the two trade marks sought to be registered by the plaintiff, and the mark shown in trade mark registration No. 374,765, but there is a distinctive dissimilarity between plaintiff's said two marks and the mark of said registration No. 374,765, and there is no likelihood that confusion as to source or origin will arise from the concurrent use of either of plaintiff's said two trade marks and the mark of said registration No. 374,765.

14. The animated fruit figures which comprise plaintiff's said two trade marks consist of the representation of a fruit as the entire head and body, with only legs and arms protruding therefrom, and are distinctively dissimilar to the animated figures of registration No. 374,765, each consisting of a full body portion having legs and arms and a head formed of a fruit or other round object.

15. Plaintiff is the owner, by assignment, of two trade marks, of which one consists of a pictorial representation of two carrots toasting each other by holding aloft liquid-containing goblets touching each other, and the other consisting of the pictorial representation of four animated vegetable figures, two of which vegetable figures are toasting each other by holding aloft liquid-containing goblets touching each other, and certificates of registration for said marks were issued by the Commissioner of Patents, under Nos. 377,599 and 387,366, as shown in Schedules "C" and "D" annexed to the bill of complaint.

16. Said registration 377,599 and 387,-366 were issued by the Commissioner of Patents notwithstanding the prior registration of the mark shown in registration No. 374,765, relied upon by the defendant herein as a basis for refusing the registration of the two trade marks sought to be registered by the plaintiff in this action.

### Conclusions of Law

1. The Commissioner of Patents has erroneously denied and refused to register plaintiff's two trade marks for which applications Serial Nos. 436,956 and 436,957 were filed on December 15, 1940.

2. Plaintiff is entitled, according to law, to a decree authorizing the Commissioner of Patents to issue to the plaintiff certificates of registration under the seal of the United States Patent Office, signed by the Commissioner of Patents, and otherwise in due form of law, as required by the Trade Mark Laws of the United States, for its said two trade marks as set forth in said applications Serial Nos. 436,956 and 436,957 aforesaid.